UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al.,  )
                                 )
        Plaintiffs,               )
                                 )
        v.                        )       NO. 3:01-1170
                                 )       Judge Campbell/Brown
UNIVERSAL-POLYGRAM INTERNATIONAL )
PUBLISHING, INC., et al.,        )
                                 )
        Defendants.               )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

I.  INTRODUCTION

The plaintiff in this case have filed a motion for judgment by default against the defendant, Rasheed Bell, d/b/a Gulag Publishing (Docket Entry No. 101).

For the reasons stated below, the Magistrate Judge **recommends** that the plaintiff, Bridgeport Music, Inc.'s motion for default judgment against the defendant, Rasheed Bell, d/b/a Gulag Publishing (Docket Entry No. 101), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

II. BACKGROUND

The plaintiff in this cause of action originally filed suit against a number of defendants alleging various violations of the copyright law. Bridgeport Music, Inc. v. 11C Music, et al.,

Case No. 3:01-0412. Service of process was obtained on the defendant, Rasheed Bell, d/b/a Gulag Publishing in this case by personal service on October 27, 2001 (Docket Entry No. 32). The plaintiffs filed a motion for entry of default and default judgment, supported by a memorandum of law and an affidavit of Tillie Smith (Docket Entry Nos. 47, 48 and 49) on January 14, 2002.

On January 18, 2002, default was entered against (Docket Entry No. 57).

Proceedings in this case were stayed on February 11, 2002 (Docket Entry No. 75) by Judge Higgins. The stay was lifted on January 27, 2006. Dispositive motions were referred to the undersigned for a Report and Recommendation and this case was set for trial on January 2, 2007 (Docket Entry No. 96).

The plaintiff filed their motion for judgment by default (Docket Entry No. 101), supported by a memorandum of law (Docket Entry No. 102), an affidavit of Heidi White concerning service of process in the matter (Docket Entry No. 102, Exh. A), and an affidavit of Jane Peterer, president of Jane Peterer's Music Corporation (Docket Entry No. 103), who has been Bridgeport's administrator for publishing for over 20 years.

The plaintiff requests as relief (1) the defendants be found liable for copyright infringements; (2) the defendants be found liable for wilful infringement; (3) the defendants be required to submit an accounting; (4) the defendants be enjoined

2

from further violations; (5) the defendants be required to deliver for impoundment the infringing materials; (6) the defendants be required to pay the cost of this action, including reasonable attorneys' fees; (7) a declaratory judgment be entered that the plaintiffs owns the copyrights in the infringing compositions and sound recordings; and (8) that they be awarded judgment interest from May 4, 2001 (Docket Entry No. 101).

In her affidavit (Docket Entry No. 103), Ms. Peterer concludes that the defendant had sampled the plaintiff's work as alleged, and as an expert in the area and administrator of the publishing business of Bridgeport Music, she also sets forth in general terms how the industry works and explained that, because the plaintiff did not know the actual sales of the defendant's works which copied theirs, they were unable to determine actual damages and therefore requested statutory damages.

In addition, Ms. Peterer's affidavit supports Bridgeport's theory that they are entitled to 100% ownership of the entirety of the defendant Rasheed Bell, d/b/a Gulag Publishing's ownership interest in and to the copyright and masters of the sound recording "You Got What I Want" a/k/a "U Got What I Want."

## III. LEGAL DISCUSSION

Inasmuch as the defendant, Rasheed Bell, d/b/a Gulag Publishing has failed to respond in any way to these proceedings, and in particular to the motion for default judgment, the Court may take the motion as unopposed under the Court's Local Rules.

3

Plaintiff had previously requested a jury trial in this matter, however, they have now expressly waived any right to a jury trial (Docket Entry No. 110).

From the pleadings, it appears clear that the defendant corporation is neither an infant, incompetent, or in the military service.

It further appears that the plaintiff has been denied the right to learn actual profits that the defendant may have earned from the defendant's improper use of the plaintiff's works. Accordingly, the plaintiff's request for statutory damages in lieu of actual damages appears reasonable. In addition, under 17 U.S.C. § 503, they are entitled to have delivered up for impoundment the various infringing materials involving "You Got What I Want" a/k/a "U Got What I Want" from plaintiff's work "Funky Worm."

The Court's Order should, however, not be construed as to allow the impoundment of any property not in the possession of the defaulting defendant.

The plaintiff has further claimed the right to the copyright of the infringing sound recording and the masters of the infringing sound recordings that the defendant had such rights. See memorandum filed in the case of Bridgeport Music, Inc. et al. v. Tommy Boy Music, et al., Case No. 3:01-1091 (Docket Entry No. 56). In view of the lack of opposition, the Magistrate Judge agrees with

4

the plaintiff's position in this matter, and accordingly believes that they are entitled to this relief as well. The plaintiff is not, however, entitled to acquire any rights beyond that held by the defaulting defendant.

Additionally, any default judgment entered against this defendant should not effect payments made by any third parties to Rasheed Bell, d/b/a Gulag Publishing prior to the effective date of a default judgment entered against Rasheed Bell, d/b/a Gulag Publishing and actual notice to such third parties.

A proposed order of default judgment against Rasheed Bell, d/b/a Gulag Publishing is attached to this Report and Recommendation.

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that the plaintiff, Bridgeport Music, Inc.'s motion for default judgment against the defendant, Rasheed Bell, d/b/a Gulag Publishing (Docket Entry No. 101), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections

5

filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of April, 2006.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge